UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF MERCED DEVELOPMENT AGENCY,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, *et al.*,<br><br>Defendants. | 08-cv-714 LJO-GSA<br><br><br>SCHEDULING CONFERENCE ORDER |

**I.     Introduction**

A scheduling conference was held on October 8, 2014 at 10:30 a.m.  Plaintiff's Counsel, Tracy O'Reilly personally appeared on behalf of City of Merced Redevelopment Agency ("Plaintiff").  Defense Counsel, Peter Condron personally appeared on behalf of Shell Oil Company; Charles Correll and Jeremiah Anderson telephonically appeared on behalf of Chevron USA, Inc.; Whitney Roy telephonically appeared and Jeffrey Parker personally appeared on behalf of Exxon Mobil Corporation; and Stephanie Chen telephonically appeared on behalf of Tesoro Corporation.

**II.     Consent To Magistrate Judge**

The parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, United States Magistrate Judge.  Due to this Court's heavy caseload, the parties are *strongly* encouraged to consent to Magistrate Judge jurisdiction

1

pursuant to 28 U.S.C. § 636(c).

The parties are advised that due to the high number of cases in the district, the District Court Judges are setting multiple trials on the same day. When a civil trial is set before the Honorable District Judge Lawrence O'Neill, any scheduled criminal trial will take priority over the civil case, even if the civil trial was set first. Civil trials will no longer be continued under these circumstances absent a specific finding of good cause. Instead, when multiple trials are scheduled on the same date, criminal cases will proceed first. Civil cases will trail from day to day or week to week, until the criminal cases are completed. In some instances, cases may be assigned to visiting District Court Judges from other districts. Pursuant to Local Rules, Appendix A, such reassignments will be random, and the parties will receive no advance notice before their case is reassigned to a visiting judge. In contrast, a case assigned to a Magistrate Judge is likely to proceed on the scheduled date. Finally, a judgment entered by a Magistrate Judge is appealable directly to the United States Court of Appeals for the Ninth Circuit.

### III.     The Filing of Summary Judgment Motions

The parties may file the following dispositive motions on the following issues only:

1)  Defendants may file a motion for summary judgment on the issue of whether they are responsible parties under the Polanco Act, and whether that claim may be precluded given the notice requirements under California Health and Safety Code § 33459.1(A)(2)(b)(2);

2)  Defendant Shell may file a motion for summary judgment addressing the extent that collateral estoppel/res judicata may apply as it relates to Shell's responsibility for release of gasoline based on the verdict in *City of Merced v. Chevron U.S.A. Inc., et al.*, Merced Superior Court No. 148415; and

3)  Plaintiff may file a motion for summary judgment addressing the extent collateral estoppel/res judicata may apply to Defendants Exxon and Chevron based on the verdict in the *Merced v. Chevron U.S.A. Inc., et al*.

The motions will be heard before the Honorable Lawrence J. O'Neill in accordance with the following briefing schedule:

All motions shall be filed by **November 12, 2014 at 4:00 p.m.**

All oppositions due: **December 15, 2014, at 4:00 p.m.**

Any replies due: **January 9, 2015 at 4:00 p.m.**

The Court will notify the parties if a hearing on the motions is necessary after reviewing the briefs.  When filing such motions, the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260, except that it is not necessary to set a hearing date on the motions.  The parties are also advised that given that this case was recently transferred from the U.S. District Court, Southern District of New York, the motions must include relevant background and procedural history so that this Court can effectively rule on the motions.  The parties should not presume that this Court has any prior knowledge of the issues previously litigated as part of the multidistrict litigation.

Additionally, prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion.  The purpose of meeting shall be to : 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) arrive at a joint statement of undisputed facts. The moving party shall initiate the meeting and file the joint statement of undisputed facts.  In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

**IV.     Discovery**

The Court will permit supplemental discovery to be performed for the limited purpose of

3

updating the costs/damages for further remediation incurred by the RDA to address the Methyl Tertiary Butyl Ether ("MTBE") contamination at the R Street stations. This ruling does not include reopening all expert discovery.  Instead, Plaintiff may update the expert report of Mr. David Norman (Plaintiff's expert), or other experts who were previously retained.  Defendant may use their previously retained experts to rebut any updated report. Other documentation related to the costs and damages may also be propounded.

The parties shall meet and confer, and no later than **October 16, 2014**, submit a proposed stipulation identifying the discovery that will be completed, as well as proposed dates of completion. The parties may contact the Court to conduct an informal telephonic conference if clarification is needed on the parameters of the discovery if a stipulation cannot be reached. If, after meeting and conferring, the parties conclude that the schedule outlined in this order needs to be revised so that discovery can be completed, the stipulation shall include new proposed dates for the filing of the dispositive motions, the pretrial conference, and the trial.  When choosing new dates, the parties are advised that Judge O'Neill will require one hundred and twenty (120) days between the filing of the dispositive motions and the pretrial conference, and sixty (60) days between the pretrial conference and the trial.

**V.     Settlement Conference**

A settlement conference has not been scheduled.  The parties should contact the court if they determine that a settlement conference would be beneficial. If a settlement conference is set before Judge Austin, the parties are advised that consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference.  Provided below are the procedures this Court will employ when conducting a settlement conference.

A.  *Required Pre-Settlement Conference Communications*

A settlement conference is more likely to be productive if the parties have exchanged

written settlement proposals in advance of the conference. Accordingly, at least twenty-one (21) calendar days prior to the settlement conference, Plaintiff's counsel shall submit a written itemization of damages and a good faith settlement demand to Defendants' counsel with a brief explanation of why the demand is appropriate. Thereafter, but no later than seven (7) calendar days prior to the settlement conference, Defendants' counsel shall submit a good faith written offer to Plaintiff's counsel with a brief explanation of why the offer is appropriate.

Completion of this process may lead directly to a settlement. If settlement is not achieved, Plaintiff's counsel shall e-mail or fax copies of all settlement proposals along with his/her Confidential Settlement Conference Statement to chambers. Copies of these documents are *not* to be filed on the docket.

*B. Confidential Settlement Conference Statement*

At least four (4) calendar days prior to the settlement conference, the parties shall submit the Confidential Settlement Conference Statement in Word format to Magistrate Judge Austin's chambers via email gsaorders@caed.uscourts.gov. This statement shall include the following:

1. A list of all elements of each cause of action or affirmative defense pled in the party's respective complaint or answer

2. A brief statement identifying facts supporting each cause of action or affirmative\ defense

3. A description outlining the factual and legal contentions upon which the parties agree or disagree;

4. A description identifying the impediments to settlement, including financial, emotional or legal concerns;

5. A summary of the settlement attempts to date;

6. A statement of the specific relief sought; and

7. A statement identifying any third party (i.e., lien holder, etc.) with a legal interest in this action.

### C.   *Attendance*

The attorneys who will try the case shall appear at the settlement conference accompanied by the named parties and all persons having authority to negotiate the settlement.  If appropriate, the principal representative shall have approval to settle the action on the terms consistent with the opposing party's most recent demand.

### D.   *Mediation Format*

A mediation format will be employed during the settlement conference.  The lawyers, the parties, and all representatives must be fully prepared to participate.  The Court encourages all participants to be flexible and to reassess their previous positions, as well as to put their best efforts forward so that a mutually agreeable settlement can be reached.

### E.   *Duty of Counsel to Set the Settlement Conference Date*

Counsel shall contact the Courtroom Deputy to set a settlement conference when all parties agree that participation would be effective, but preferably not later than sixty (60) days after the close of discovery.

### F.   *Statements Inadmissible*

The Court expects full and candid participation during the settlement conference.  With this in mind, statements made by any party or attorney during the settlement conference are not to be used in discovery and will not be admissible at trial.

///

///

    *G.*    *Sanctions*

Failure to follow these procedures will result in removal of the settlement conference from the Court's calendar and may result in additional sanctions.

**VI.**    **Pretrial Conference**

The pretrial conference is set for **April 14, 2015 at 8:15 a.m**., in Courtroom 4, before District Court Judge Lawrence J. O'Neill. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in Word format to District Court Judge O'Neill's chambers at ljoorders@caed.uscourts.gov. The parties' attention is directed to this Court's Local Rules 281 and 282. This Court will insist upon strict compliance with these rules. At the pretrial conference, the Court will set deadlines to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**VII.**    **Jury Trial Date**

A six week bench trial is set for **June 16, 2015 at 8:30 a.m**. in Courtroom 4 before District Court Judge Lawrence J. O'Neill.[1] The parties shall comply with Local Rule 285 when preparing their trial briefs.

///

///

---

[1] The parties are advised that the six week time frame and the date of this trial is subject to change based on the demands of Judge O'Neill's trial schedule.

## VIII. Compliance with Federal Procedures

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto. The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

## IX. Effect of This Order

This order represents the Court and the parties' best estimated schedule to complete this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the requested relief. Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: __October 10, 2014__            _____/s/ Gary S. Austin_____
                                       UNITED STATES MAGISTRATE JUDGE