UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CITY OF MERCED REDEVELOPMENT AGENCY,** | 1:08-cv-714-LJO-GSA |
| **Plaintiff,** | **ORDER FOR SUPPLEMENTAL BRIEFING RE CERCLA** |
| v. | |
| **EXXON MOBIL CORP., et al.,** | |
| **Defendants.** | |

Currently pending before the Court are the parties' cross-motions for summary judgment. Docs. 74, 79, 82. The parties have submitted briefs concerning the motions, but after a review of those briefs and the record, the Court finds it necessary to request supplemental briefing from the parties on certain issues.

Specifically, the Court requests further information (primarily from Plaintiff) regarding the basis for Plaintiff's claim under California's Polanco Redevelopment Act, Cal. Health & Safety Code §§ 33459-33459.8 ("the Polanco Act"). As the parties explain in their briefs, there are two routes in which a "responsible party" may be liable under the Polanco Act: (1) under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") (42 U.S.C. § 9607(a)[1]); and (2) under § 13304(a) of the California Water Code ("§ 13304(a)"). *See City of Modesto Redevelopment Agency v.*

---

[1] Section 9607(a) provides in pertinent part:

  (1) the owner and operator of a vessel or a facility,
  (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
  (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
  (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for…

1

*Superior Court*, 119 Cal. App. 4th 28, 54 (2004).

Plaintiff indisputably asserts Defendants are "responsible parties" under § 13304(a) for Polanco Act purposes. *See, e.g.*, Doc. 101 at 18-22. But whether Plaintiff asserts that Defendants are "responsible parties" under CERCLA is unclear, as is the basis for the assertion. Although Plaintiff states its position that Defendants are "responsible parties under the CERCLA definition of covered parties" in the table of contents of its opposition to Defendants' motion for summary judgment, *see id.* at 2, the heading is absent in the body of the brief, and the basis for that assertion is not supported nor explained in any detail in the brief. Plaintiff's only mention of CERCLA concerns its position that a prior California state court ruling should not have preclusive effect in this case because it did not address CERCLA. *See id.* at 22-23 ("Since the CERCLA based definition of responsible party is unique to the Polanco Act, the legal issue of whether defendants were responsible parties under CERCLA was not the subject of defendants' motion in the *City of Merced* case."); *see also* Doc. 103 at 11 (same).

Defendants claim that Plaintiff's "CERCLA argument is a red herring" because Plaintiff is not proceeding on its Polanco Act claim on the theory that Defendants are "responsible parties" under CERCLA. Doc. 107 at 12. Thus, in spite of Plaintiff's apparent suggestion that it is proceeding on a CERCLA-based theory of Defendants' liability, Defendants do not consider Plaintiff to be proceeding on that basis.

Simply put, if Plaintiff is proceeding against Defendants on a CERCLA-based theory of Polanco Act liability, the claim is unsupported and not clearly articulated. The Court therefore requires more information from the parties. Accordingly, Plaintiff is directed to submit a supplemental brief (with appropriate authority and record support) on or before January 21, 2014, not to exceed ten pages in length, addressing the following:

1. Does Plaintiff assert that Defendants are liable for its Polanco Act claim based on § 9607(a) of CERCLA?
2. If so, under which provision(s) of § 9607(a)(1)-(4) of CERCLA does Plaintiff assert that Defendants are liable?

3. How and why are Defendants "responsible parties" under the Polanco Act based on § 9607(a) of CERCLA?

4. In answering (3), Plaintiff shall indicate which "facility," "vessel," or "site" it alleges Defendants owned or operated, if any. Plaintiff shall indicate the dates during which it alleges Defendant owned or operated any facility, vessel, or site that underlie its Polanco Act claim.

Defendants may submit a responsive brief, not to exceed ten pages in length, on or before January 28, 2014. Unless and until ordered otherwise, no replies are authorized.

IT IS SO ORDERED.

Dated: **January 13, 2015**         /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE

3